JACOB H. GUTCHINS, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO THE RECORDER'S COURT OF THE CITY OF CHICAGO.

A conviction cannot be sustained under an indictment, which charges the uttering of a bill of a bank of some other State, of a less denomination than five dollars, with intent to defraud an individual ; it being a penal offense, to pass or to receive such bills.

Where an offense charged, differs from that proved, the conviction will not stand. An indictment framed upon the 73rd section of the criminal code, will not be sustained by proof of an offense against the 77th section.

GUTCHINS was indicted at the April term, 1859, of the Recorder's Court for the city of Chicago, before R. S. WILSON, for having in his possession a certain false, forged and counterfeited bank bill, which said false, forged and counterfeited bank bill, is there set out and described, purporting to be a two dollar bill of the Delaware City Bank of Kansas, which he feloniously passed to one Jeremiah Clowry, as true and genuine, with intent to defraud, etc., Gutchins knowing the same to be false, forged, etc.

On the trial the proof showed, that the bill was fraudulent as a bill of a bank in Kansas, there not being any such bank. That there was not any bank of the same name in this State. That if it purported to be issued from the Delaware City Bank of the State of Delaware, it was counterfeit.

The following instructions, asked on behalf of the accused, were refused by the court:

That all persons transacting or doing business within the State of Illinois, are bound to know and obey her laws. Hence,

Gutchins *v.* People.

if the jury believe, from the evidence, that the complainant in this case, Jeremiah Clowry, took and received of and from the prisoner the bill in question, being of a less denomination than five dollars, that the said Jeremiah Clowry has not, in a legal sense, been defrauded, and the prisoner cannot, therefore, be convicted on this indictment.

If the jury believe, from the evidence, that the bill in question is a false, forged and counterfeit bill of some bank of some other State or Territory of the United States, then the prisoner cannot be convicted of passing such bill in this State, with the intent to cheat and defraud the taker.

The fraudulent intent being the gist of the charge in this cause, that intent cannot be gathered from the uttering or passing of the bill in question, when the complainant, Clowry, as well as the prisoner, was bound to know that it was, and is, unlawful to pass or receive a foreign bill of the denomination of the bill in question, in this State for the purpose of payment or circulation.

To constitute a fraudulent uttering of the bank note in question, it must not only have been put away as true, but it must have been innocently received by the taker.

To find the defendant guilty, the jury must find from the evidence, that at the time defendant passed the bill, he knew it to be a counterfeit, that it was in fact a counterfeit bill, and that he so passed it with such knowledge, with intent to cheat and defraud Jeremiah Clowry, and that it was received by said Clowry, and he, at the time believing it to be genuine.

The following instructions for the People were given and excepted to by defendant:

If from the evidence, the jury believe the note in question is counterfeit, and that the prisoner passed it as charged, upon Jeremiah Clowry, knowing it to be counterfeit, and with intent to defraud said Clowry, then he is guilty of the offense charged in the indictment.

In our State, the fact that a note is of less denomination than five dollars, issued by a bank out of this State, does not change the nature of the offense; and it is as much forgery to make, pass, utter, or publish such a note, as though the note had been issued by a bank of this State, and had been over the denomination of five dollars.

The errors assigned are:

1st.   The verdict is contrary to law and evidence. ·

2nd.   The court erred in overruling the defendant's objections and exceptions to the introduction of irrelevant and improper testimony to the jury.

3rd. The court erred in refusing to give to the jury defendant's instructions.

4th. The court erred in giving the instructions in behalf of the People.

5th. The court erred in overruling defendant's motion for a new trial.

6th. The bill said to be counterfeit, is of less denomination than five dollars, and on its face purports to be a foreign bank bill.

7th. And verdict and judgment was against defendant, when it should have been in his favor, and indictment does not show a crime as charged therein.

GARRISON & HUDSON, for Plaintiff in Error.

C. HAVEN, for the People.

WALKER, J. The plaintiff in error, was indicted and convicted for uttering and passing as genuine, a two dollar bill on "The Delaware City Bank" with intent to defraud Jeremiah Clowry. The indictment contained but one count. And the evidence on the trial shows, that the bill in question was not on any bank incorporated by, or within the limits, of this State. It also shows that this bill was fictitious, there being no such bank in existence.

We are asked to reverse this conviction, first, because under our statute it is made a penal offense to pass or to receive, any bank bill of a less denomination than five dollars, on any bank not incorporated under the laws of this State. And secondly, because the indictment charged the offense, of passing a bill purporting to be on a bank having an existence, when the evidence shows that there is no such bank.

The Supreme Court of the State of New York, in the case of *The People* v. *Wilson*, 6 Johnson's R. 320, under a similar statute to ours, say, that "It cannot therefore, be felony to utter and publish, in this State, such a forged bill; because no person can be *defrauded*, as every person is bound to know, that it is unlawful to accept in payment, or circulate such a bill. The fraudulent intent is the *gist* of the charge, and that intent cannot be inferred from uttering the bill, when every person knows that it is unlawful to receive it, and that it is void as to the purposes of payment and circulation. The opinion of all the judges in England in *Maffit's Case*, Leach, 337, was that the forging of a bill of exchange, which if real would not have been valid or negotiable, but void under the statute, was not a capital offense."

The principle of that case was again recognized by the same court in the case of *The People* v. *Rathbon*, 21 Wend. 521. And the case of *Rex* v. *Maffit*, 2 Leach, 483, above referred to, seems to be the leading case on this question. And it is believed that it has been recognized as the law, by the courts generally both in this country and Great Britain, whenever the question has been presented for adjudication. And it is for the plain and obvious reason, that no legal fraud could be perpetrated upon a person, by passing to him a bill, which if genuine, he could not receive as money, or of any value, without incurring a penalty. A person so receiving such a bill, is guilty of a violation of the law, incurs a penalty, and when it is in his hands is worthless. If he utters it, or even attempts to do so, it subjects him to a like penalty. Such a bill in this State has no legal value, and under the law purports to have none, and when the uttering such with intent to defraud an individual, is the offense charged, it is insufficient to sustain a conviction. Whether if the offense charged, was the uttering it with the intent to defraud the bank upon which it purports to be a bill, would constitute a crime, is not presented by this record, and need not be here discussed.

As to the second question, presented; the indictment charges the passing a counterfeit bill, of a bank having an existence, and is framed under the 73rd Sec. of Chap. 30, R. S. p. 163. It creates, and provides for the punishment of the crime, of uttering forged and counterfeit bills and instruments, on persons and corporations, having an existence either within or without this State. While the 77th Sec. of the same act creates and provides for the punishment of the crime of making or uttering, with intent to defraud, any fictitious bill, check or other instrument, for the payment of money or property of some bank, corporation, co-partnership or individual, when in fact there is no such bank, corporation, co-partnership or individual in existence. The evidence in this case shows that this was a fictitious bill, purporting to be on a bank which had no existence. This being the case, even if the circulation of bills of that denomination, were not prohibited from circulating by law, a conviction could not be supported under this indictment, because the offense charged and that proved, are different and distinct. The proof of an offense under one of these sections, cannot support a conviction under the other. That would be to violate the rules of pleading and evidence, and is too plain to require discussion.

We for these reasons, are of the opinion that the conviction in this case was wrong; and that the judgment of conviction, of the court below, must be reversed and the prisoner discharged.

*Judgment reversed.*