## ROBERT GIBBONS

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. GAMING — *what are things of value.* An offense may be committed under the statute prohibiting any person from playing at any game with cards, dice, checks, or at billiards, for money or other valuable thing, by gaming for checks, notes or instruments understood by the parties to represent value, and by virtue of which the winner can, in fact, obtain value, whether they are collectable by law or not.

2. The articles or things played for, may be intrinsically valueless, but if they are understood to represent value, and are such that the winner can, in fact, without any violation of the law, obtain value for them, they are within the letter and spirit of the statute.

3. So, where a party plays for a check, or instrument issued by an individual, which may have no intrinsic value, because not collectable by law, yet as it was understood by the parties to represent value, and the winner could, in fact, obtain value for it from the party issuing it, without violating any law, he is regarded as, in effect, gambling for a thing of value.

4. The legislature has prohibited the circulation of *bank* bills of a denomination less than five dollars, not issued by the banks of this State; but it was not thereby intended to legalize gaming in such bills.

5. All notes, bills, bonds, contracts, &c., made for a gaming consideration are void, and cannot be legally enforced; yet it is supposed that gaming for any of these would be in violation of the statute.

WRIT OF ERROR to the Circuit Court of Clark county; the Hon. CHARLES H. CONSTABLE, Judge, presiding.

An indictment was found by the grand jury of Clark county against the plaintiff in error for gaming. There is but one count to the indictment, and it charges, after the usual caption, statement of venue and time, that the defendant "unlawfully did then and there play at a game at billiards for checks and promissory notes, payable and redeemable in currency by Cyrus A. Bradshaw, articles and things of value, to wit, of the value of one dollar, contrary," &c., &c.

At the September Term, A. D. 1863, of the Clark Circuit Court, the defendant being arraigned on said indictment, plead not guilty, and, by agreement, was tried before Hon. CHARLES H. CONSTABLE, Judge of said court, without the intervention of a jury, upon the following agreed state of facts, viz.:

That the defendant, on the first day of March, 1863, at Clark county, Illinois, played with one James Greenough, at a game called by the witnesses "pool," for an instrument partly written and partly printed, in the words and figures following, that is to say:

"25. \ 25.
"Redeemable in currency in sums of one dollar.
"C. A. BRADSHAW.
"25. No. 111. 25."

And on the back thereof indorsed "C. A. B.;" that the before described instrument, and many others of like description, were issued by the said C. A. Bradshaw to circulate generally as and in lieu of money and other currency, and that they did so circulate; that said instruments were redeemed by said C. A. Bradshaw, in currency, when presented to him in sums of one dollar

for that purpose; that said Bradshaw is not empowered to issue said instruments by virtue of any private act of the legislature of the State of Illinois; that the said game, called by the witnesses "pool," is played on a billiard table with billiard balls and cues, but the mode of playing the same is entirely different from the game commonly called "billiards."

And upon this evidence the court found the defendant guilty.

Motion for a new trial; motion overruled and defendant fined $10 and costs of suit.   Defendant excepted.

The errors assigned are:

1st.   The court erred in finding the defendant guilty on the evidence submitted.

2d.   The court erred in overruling the defendant's motion for a new trial.

Mr. JOHN SCHOLFIELD, for the plaintiff in error.

The law only regards playing at billiards as a criminal offense when it is done "for money or other valuable thing."   Scates' Comp. 396, § 130.

There can be no pretense that the instrument here played for was money.   Was it a valuable thing?   It could not be paid out or received by any one, without subjecting the person paying or receiving to a severe penalty.   Scates' Comp. 121, § 2. (Act of February 10, 1853.)   Any payment made by it would be void (id. 124, § 7), and no action could be maintained upon any contract, expressed or implied, the consideration of which, in whole or in part, was formed by it.   Id. 124, § 8.   It would therefore appear, in every respect, to be directly the reverse of valuable.

But this court has given a construction to the statute, in violation of which the instrument here played for was issued, in the case of *Gutchins* v. *The People*, 21 Ill. 642.   The same words that apply to the paying out, passing or receiving any bill of a bank located in another State, of a less denomination than five dollars, apply with equal force to this instrument.   The court there say such an instrument in this State has no legal value, and that a person cannot be convicted for counterfeiting it.

Mr. J. B. WHITE, State's attorney, for the people.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

The plaintiff in error was indicted for playing a game of billiards for checks and promissory notes, payable and redeemable in currency, by one Cyrus A. Bradshaw, which the indictment alleges were articles and things of value. He was convicted in the court below of the offense with which he was charged; and no question is raised as to the correctness of his conviction, except it is insisted that the article or thing for which the game was played, was not one of value, within the meaning of the one hundred and thirtieth section of chapter thirty of the Revised Statutes of 1845, under which the conviction was had. The section of the statute alluded to, makes it a penal offense for any person to play for money, or other valuable thing, at any game with cards, dice, checks, or at billiards. Scates' Comp. 396. It was admitted in the court below that the plaintiff in error played a game of billiards for an instrument, partly written and partly printed, signed, indorsed and issued by C. A. Bradshaw, for the sum of twenty-five cents, and which purported upon its face to be redeemable by him in currency, in sums of one dollar. And it was also admitted that such instrument and many others of a like description, were issued by Bradshaw, to circulate generally as, and in lieu of money and other currency; that they did so circulate, and were redeemed in currency when presented to him in sums of one dollar, for that purpose. Bradshaw was not authorized to issue said instrument by any act of the legislature of this State.

Under these circumstances we are required to determine whether the instrument mentioned is an article or thing of value within the meaning of the statute to which we have referred. The object of the statute was to prevent the destructive vice of gambling, and while we adhere to the well established rule that a penal statute cannot be extended by construction, we are not to be unmindful of the true intent and meaning of the legislature. The statute should receive such a

construction as when practically applied will tend to suppress the evil prohibited, and we are not required by any rule of construction to limit its meaning to articles and things of intrinsic value. The articles or things played for, may be intrinsically valueless, but if they are understood to represent value, and are such that the winner can, in fact, without any violation of the law, obtain value for them, we think that they are within the letter and spirit of the statute. Checks or counters are intrinsically valueless. There is no legal obligation to pay value for them, but if they are understood by the parties to represent value, and the winner can, in fact, obtain value for them, we think gaming for them is in effect gambling for things of value. Not unfrequently keepers of gaming establishments exchange these checks or counters for money, and redeem them from the holder in money. The gaming is done exclusively with them as the representatives of money. There is no obligation to pay money for them; they cannot be circulated as money; they are intrinsically worthless, but the holder can in fact obtain money for them, and this is so understood by the parties gaming with them. This mode of gaming is as much a violation of the statute as if money was used instead of its representative. It has been urged that the winner could not circulate instruments like the one in question as money, without subjecting himself to a penalty under the act of February 10th, 1853, relative to banks; but he incurs no penalty under that act for winning such instruments at a game, and he might present them to the person by whom they were issued for redemption, and receive their representative value and incur no penalty. The legislature has prohibited the circulation of *bank* bills of a denomination less than five dollars, not issued by the banks of this state, but it was not thereby intended to legalize gaming in such bills. All notes, bills, bonds, contracts, &c., made for a gaming consideration are void, and cannot be legally enforced. They are as entirely valueless as checks or counters, and still we suppose that gaming for any of these would be in violation of the statute. In the present case we do not deem it necessary to express an opinion as to whether instru-

ments like the one in question are within the provisions of the act of February 10th, 1853, as we think gaming for them is a violation of the law, whether within the prohibitions of that act or not. This court held in *Gutchins* v. *The People*, 21 Ill. 642, that an indictment could not be sustained for altering and passing a forged *bank* bill of a denomination less than five dollars, purporting to have been issued by a bank not incorporated under the laws of this State, which charged an intent to defraud an individual. The gist of the alleged offense in that case was an intent to defraud the person to whom the bill was' passed, and the court held that he could not be defrauded by receiving a bill which he knew he had no right to receive. It was like an indictment for selling counterfeit money to a person knowing it to be counterfeit, with an intent to defraud such person. We think the principle of that case is not applicable to the present one. The gist of the offense in the present case is a violation of public morals, and the offense may be committed by gaming for checks, notes or instruments, understood by the parties to represent value, and by virtue of which the winner can in fact obtain value, whether they are collectable by law or not.

*Judgment affirmed.*